

Littler Mendelson, P.C.
900 Third Avenue
New York, NY  10022.3298

Gary Moy
Associate
212.471.4409 direct
212.583.9600 main
gmoy@littler.com

December 14, 2020

**VIA ECF**

Honorable Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re:   Tiffany Lentz v. ThoughtWorks, Inc., et ano.,
      No. 20 Civ. 7043 (PGG)

Dear Judge Gardephe:

This firm represents Defendants ThoughtWorks Inc. and Kishore Rachapudi in the above-referenced matter.  Defendants write, in advance of the initial conference scheduled for December 17, 2020 at 10:00 a.m. to respectfully request that the Court stay discovery pursuant to Fed. R. Civ. P. 26(c) pending the outcome of Defendants' Rule 12(b)(6) motion to dismiss the Complaint, particularly given Plaintiff's declared intent to bring motions to compel even before discovery has commenced.

**I.   COMMON SENSE, EFFICIENCY, AND THE WEIGHT OF LEGAL AUTHORITY FAVOR STAYING DISCOVERY UNTIL THE COURT RESOLVES THE MOTION TO DISMISS**

Pursuant to Fed. R. Civ. P. Rule 26(c), courts have discretion to stay discovery for good cause pending the outcome of a motion to dismiss. See Barnes v. Smith, No. 12 Civ. 1916 (PKC) (RLE), 2013 U.S. Dist. LEXIS 12616, at *1-2 (S.D.N.Y. Jan. 17, 2013) ("[G]ood cause may be shown where a party has filed a dispositive motion." (quoting Anti-Monopoly, Inc. v. Hasbro, Inc., No. 94 Civ. 2120 (LLM) (AJP), 1996 U.S. Dist. LEXIS 2684 (S.D.N.Y. Mar. 7, 1996)); Telesca v. Long Island Hous. P'ship, No. 05 CV 5509 (ADS) (ETB), 2006 U.S. Dist. LEXIS 24311, at *3 (E.D.N.Y. Apr. 27, 2006) ("a district court may stay discovery during the pendency of a motion to dismiss for 'good cause shown'")).  Courts in this circuit "have held 'that a stay of discovery is appropriate [ ] where the motion appears to have substantial grounds or, stated another way, does not appear to be without foundation in law.'" Johnson v. N.Y. Univ. Sch. of Educ., 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (quoting In re Currency Conversion Fee Antitrust Litig., No. MDL-1409 (WHP), 2002 U.S. Dist. LEXIS 974, at *4 (S.D.N.Y. Jan. 22, 2002)); see also King v. City of N.Y., Nos. 12-CV-2344 (NGG) (RER), 13-CV-0037 (NGG) (RER), 2014 U.S. Dist. LEXIS 140790 (E.D.N.Y. Sept. 30, 2014) (stay of discovery, including stay of deadline to respond to initial disclosures, was appropriate pending the resolution of motion to dismiss).

In determining whether to stay discovery, courts consider: "1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; 2) the breadth of discovery and the burden of responding to it; and 3) the risk of unfair prejudice to the party opposing the stay." Kanowitz v. Broadridge Fin. Solutions Inc., No. 13 CV 649 (DRH) (AKT), 2014 LEXIS 46518 at *15-*16 (E.D.N.Y. Mar. 31, 2014); Spencer Trask Software and Info. Servs., LLC v. RPost Int'l Ltd., 206 F.R.D. 367, 368 (S.D.N.Y. 2002) ("Two related factors a court may consider in deciding a motion for a stay of discovery are the breadth of discovery sought and the burden of responding to it.") As applied to this case, each of these factors favors a stay of discovery.

### A.      **Defendants Have Made a Strong Showing that Plaintiff's Claims Lack Merit**

Defendants have raised substantial issues with respect to the viability of Plaintiff's Complaint, which, at its core, alleges claims of race and gender discrimination in violation of Title VII, NYSHRL, and NYCHRL. As set forth in more detail in Defendants' pre-motion conference letter (D.E. No. 12), Plaintiff fails to allege any facts showing overt discrimination or discriminatory disparate treatment, let alone treatment so severe that Plaintiff was constructively discharged. Almost all of Plaintiff's allegations pertain to Mr. Rachapudi's personnel decisions with respect to *other* white and/or female employees whom Plaintiff feels were more worthy than the employees whom Mr. Rachapudi allegedly favored. Mr. Rachapudi, however, was not Plaintiff's supervisor and Plaintiff does not allege any facts supporting the inference that Mr. Rachapudi had any involvement in the purported actions affecting Plaintiff. With respect to the few instances of alleged conduct against Plaintiff by Mr. Rachapudi, those allegations amount to no more than non-actionable petty gripes and garden variety interpersonal office conflicts. Moreover, the Complaint offers nothing but speculation as to Mr. Rachapudi's motivations. For similar reasons, Plaintiff's retaliation claims are also defective because she offers nothing but speculation concerning the complained of conduct. As a general matter, the Complaint for the most part does not allege who was aware of Plaintiff's complaint against Mr. Rachapudi, does not allege who took the alleged adverse actions against her, and does nothing to attribute any retaliatory animus to those decision-makers -- particularly with respect to Mr. Rachapudi against whom Plaintiff does not allege any specific retaliatory act.

Moreover, even setting aside that Plaintiff cannot bring a claim of tortious interference with business relationship claim against Mr. Rachapudi as an employee of the Company, Plaintiff has failed to allege any facts in support of her conclusory claim that she purportedly suffered a "demise" at the Company or any specific acts by Mr. Rachapudi that caused this alleged "demise". The Complaint at most alleges that Plaintiff and Mr. Rachapudi had disagreements over certain business decisions and, apparently, Plaintiff is aggrieved that she was not able to impose her viewpoint on Mr. Rachapudi or the Company.

Finally, although Plaintiff claims that the Company paid her less than Mr. Rachapudi, Plaintiff fails to allege any facts to support the inference that any of her multiple positions that she held involved skills and responsibilities that were substantially equal to those of Mr. Rachapudi who at all times held the position as Head of Demand. In fact, as reflected in Complaint, Mr. Rachapudi has ten more years of experience than Plaintiff. As such, Plaintiff's New York Equal Pay claim is also deficient.

Courts regularly stay discovery pending resolution of a Rule 12(b)(6) motion where the defendant, as here, presents substantial arguments in favor of dismissal. See O'Sullivan v. Deutsche Bank AG, No. 17 Civ. 8709, 2018 U.S. Dist. LEXIS 70418, at *13 (S.D.N.Y. Apr. 26, 2018); Thomas v. N.Y.C. Dep't of Educ., No. 09-CV-5167 (SLT) (RLM), 2010 U.S. Dist. LEXIS 95798, at *8 (E.D.N.Y. Sept. 14, 2010) (stay warranted upon a showing that "at least some of plaintiffs' claims lack[ed] merit").  A stay of discovery is warranted even where it appears that most, but not all, of the claims will be dismissed.  See Spencer, 206 F.R.D. at 368 (stay warranted where "at this preliminary stage [ ] defendants do appear to have substantial arguments for dismissal of many, if not all, of the claims asserted in this lawsuit."); see also Barnes v. Cty. of Monroe, No. 10-CV-6164 (JWF), 2013 U.S. Dist. LEXIS 134344, at *4 (W.D.N.Y. Sept. 19, 2013) (staying discovery where defendants have "substantial arguments in favor of dismissal of many, if not all, of the claims asserted by plaintiff").  Even if "discovery against at least [one defendant] regarding Plaintiff's state law claims … is likely to proceed regardless of whether [defendants] succeed on Defendants' Motion to Dismiss … the scope and related burdens of discovery could be significantly affected should those federal claims be dismissed." New York v. Grand River Enters. Six Nations, No. 13-CV-910A (RJA) (LGF), 2015 U.S. Dist. LEXIS 19357, at *6-7 (W.D.N.Y. Feb. 18, 2015).  The same is equally true here, and for the same reasons, discovery should be stayed.

### B.     Breadth of Anticipated Discovery and Burden of Responding Favor a Stay

Plaintiff is likely to seek discovery that is exceptionally complex and burdensome.  This prospect is particularly onerous given the COVID pandemic, which has made it significantly more difficult to communicate with individuals who are no longer employed (several of whom are cited in the Complaint).  Plaintiff's counsel is likely to serve requests concerning employment practices, policies, and complaints throughout the Company.  Moreover, Plaintiff will seek discovery of electronically stored information, which will likely encompass voluminous data that will have to be gathered, reviewed for responsiveness, and produced.  Conducting ESI discovery alone generally costs tens of thousands of dollars, even for garden-variety discrimination claims.  Here, by contrast, Plaintiff has alleged numerous incidents spanning several years, many of which do *not* even relate to Plaintiff, involving many individuals who are non-parties to this action. In other words, Plaintiff is attempting to convert this action into multiple mini-trials irrelevant to whether Plaintiff was subjected to discriminatory or retaliatory treatment.

The scope of this discovery will inevitably lead to motion practice, which is not conjecture. Plaintiff's counsel has already stated her intent to bring "*motions* to compel discovery" -- even though discovery has not even yet commenced.  (See Docket Entry No. 14 at p. 2 (emphasis added))[1]   Plaintiff's premature, litigious posture underscores the reality that substantial expenses will be incurred and, therefore, the need to stay discovery in this case.

It is inefficient to compel Defendants to endure time-consuming and expensive discovery that may be rendered moot if the Court grants their Rule 12(b)(6) motion.  This concern is apt here

---

[1] Plaintiff's counsel also stated her intent to bring motions to compel in an earlier email communication with defense counsel.

3

because the Complaint and, therefore, discovery, largely concerns Mr. Rachapudi's purported treatment of other non-parties that in no way affected Plaintiff.  See Josie-Delerme v. American Gen. Fin. Corp., No. 08-CV-3166 (NG) (MDG), 2009 U.S. Dist. LEXIS 15525, at *2 (E.D.N.Y. Feb. 26, 2009) (stay warranted where resolution of motion may obviate the need for potentially onerous discovery).  A stay of discovery is warranted in order to preserve the time and resources of both the Court and the parties, particularly in this case involving numerous individuals and multiple discrete claims premised on separate fact patterns spanning several years, thereby generating more complex and burdensome discovery.  See Telesca, 2006 U.S. Dist. LEXIS 24311, at *6-7 (good cause to stay discovery where defendant would incur "substantial expenses if and/or when discovery is conducted"); U.S. v. Cty. of Nassau, 188 F.R.D. 187, 189 (E.D.N.Y. 1999) ("interests of fairness, economy, and efficiency … favor the issuance of a stay of discovery" because "it is self-evident that the cost of discovery, coupled with the diversion of employees' time and attention … to focus on the retrieval of discovery and to otherwise assist in the pursuit of this litigation, would be an unnecessary expense in the event that [the] motion to dismiss is ultimately granted").  At the very least, the Court's decision on a motion of dismiss will narrow the scope of Plaintiff's self-declared *motions* to compel.  See Buffalo Emergency Assocs., LLP v. UnitedHealth Grp., Inc., No. 19 CV 1148S (WMS), 2020 WL 3259252, 2020 U.S. Dist. LEXIS 104828, at *3 (staying discovery where "Defendants have filed a comprehensive motion to dismiss that, at the very least, may shape the number and nature of the claims going forward in a manner that could significant impact the breadth of discovery.").

Plaintiff's claims are exactly the kind of fishing expedition that Rule 8 prohibits, as the Supreme Court has stated that Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."  Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).  As the Second Circuit noted, "Rule 8 and 12(b)(6) … as interpreted in Twombly and Iqbal, help prevent settlement extortion – using discovery to impose asymmetric costs on defendants in order to force a settlement advantageous to the plaintiff regardless of the merits of his suit."  Pension Benefit Guar. Corp. v. Morgan Inv. Mgmt., 712 F.3d 705, 719 (2d Cir. 2013) (citation and internal quotation marks omitted).  Allowing to discovery to proceed under the present circumstances is contrary to the Supreme Court and Second Circuit's admonition against imposing asymmetric costs on defendants.  It makes sense to wait and see what claims remain, if any, before having the parties and this Court undergo the time, expense and burden of discovery.

### C.  A Stay of Discovery Does Not Prejudice Plaintiff

A stay of discovery presents no risk of unfair prejudice to Plaintiff.  A delay will not result in a loss of evidence, nor will it increase difficulties of discovery, and delay alone does not constitute prejudice.  Cf. Davis v. Musler, 713 F.2d 907, 916 (2d Cir. 1983).  Indeed, courts generally find no prejudice where an action is still in its early stages and discovery has not yet commenced.  See Giminez v. Law Offices of Hoffman & Hoffman, Nos. 12-CV-669 (JFB) (ETB), No. 12-CV-2844 (JFB) (ETB), 2012 U.S. Dist. LEXIS 96168, at *5 (E.D.N.Y. July 11, 2012) (because the "actions are in their infancy [and] [n]o discovery has taken place … there is little prejudice to plaintiffs in staying discovery").

Unless Plaintiff can show specific reasons why he would be prejudiced by a stay, Defendants' request should be granted given the strength of the proposed Rule 12(b)(6) motion and the potential burden that would be imposed if were discovery allowed to proceed.  See Spencer, 206 F.R.D. at 368 (noting a stay that "potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue.").

                                          Respectfully submitted,

                                          /s/
                                        Sean M. Malley
                                        Gary Moy
                                        *Attorneys for Defendants*

Cc: Counsel of record (via ECF)

MEMO ENDORSED

For the reasons stated at the December 17, 2020 status conference, Defendants' motion to stay is denied.

SO ORDERED.

*[signature]*
_____
Paul G. Gardephe
United States District Judge

December 18, 2020

5