

**Littler Mendelson, P.C.**
900 Third Avenue
New York, NY  10022.3298

Gary Moy
212.471.4409 direct
212.583.9600 main
gmoy@littler.com

May 31, 2022

**VIA ECF**

The Honorable Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re: **Tiffany Lentz v. ThoughtWorks, Inc., et ano.**, No. 20 Civ. 7043 (PGG)

Dear Judge Gardephe:

As counsel for Defendants ThoughtWorks, Inc. and Kishore Rachapudi in the above-referenced matter, we write to respectfully request: (i) an extension of time to complete Plaintiff's deposition, which Defendants properly noticed but Plaintiff refused to attend; (ii) leave to file a response to Plaintiff's discovery dispute letter dated May 25, 2022 until June 6, 2022; and (iii) an adjournment of the June 2, 2022 conference until June 9, 2022 or a date and time at the Court's convenience.  Insofar as the Court wishes to proceed with the conference scheduled for June 2, 2022, it is respectfully requested that the Court hold the conference telephonically because the undersigned recently had close contact with another person who tested positive for COVID-19 and is experiencing symptoms identified by the CDC as warranting isolation.

Before noticing Plaintiff's deposition, Defendants since January 2022 asked Plaintiff multiple times to provide dates and times when the parties and their counsel would be mutually available for Plaintiff's deposition.  Plaintiff either did not respond or responded that there were unspecified outstanding discovery issues and potential motion practice that Plaintiff contended first needed to be addressed.  However, Plaintiff had previously alluded to alleged disputes but did not seek a "meet and confer" or provide a discovery dispute letter addressing those issues.  Because Defendants still had not heard from Plaintiff about these discovery disputes and because Plaintiff failed to respond with a proposed date for her deposition even with the then-impending discovery deadline, Defendants on February 14, 2022 noticed her deposition for February 28.  The Court thereafter extended the fact discovery deadline, yet Defendants still did not hear from Plaintiff's counsel about the alleged discovery disputes that were the premise for withholding Plaintiff's deposition.

In the face of Plaintiff's silence, on March 7, 2022, Defendants again asked Plaintiff to provide potential dates for her deposition and to inform Defendants of her disputes.  Again, Defendants

The Honorable Paul G. Gardephe
May 31, 2022
Page 2

received no response and, as such, on March 30, 2022, Defendants reiterated their prior request and advised Plaintiff that it would re-notice Plaintiff's deposition at a date convenient for Defendants if Plaintiff would not provide one. On April 14, 2022, Plaintiff for the first time provided Defendants with a discovery dispute letter (concerning e.g., Defendants' discovery responses over a year earlier) but did not provide potential dates for Plaintiff's deposition. As such, on April 15, 2022, Defendants noticed Plaintiff's deposition for May 12, 2022; however, Plaintiff's counsel again took the position that Plaintiff would not be produced for her deposition absent resolution of her disputes.

Plaintiff cannot hold discovery hostage or refuse to attend her deposition until and unless Defendants provide all the discovery that she wants, particularly when Plaintiff has known Defendants' position on certain issues as early as February and March 2021 through last summer. See Farmer v. Hyde Your Eyes Optical, Inc., No. 13 Civ. 6653 (GBD) (JLC), 2015 WL 2250592, at n.9 (S.D.N.Y. May 13, 2015) ("[A] notice to take a deposition is all that is necessary to compel a party to attend a deposition. . . . [S]o long as a notice of a deposition date is 'reasonable' …, the date is binding, and a party cannot simply ignore a notice."); Gropper v. David Ellis Real Estate, L.P., No. 13 Civ. 2068 (ALC) (JCF), 2014 WL 518234, *3 (S.D.N.Y. Feb. 10, 2014) ("Discovery is not equity: one party's noncompliance with discovery requirements does not excuse the other's failure to comply. Each party's obligation is independent."); John Wiley & Sons, Inc. v. Book Dog Books, LLC, 298 F.R.D. 145, 148 (S.D.N.Y.2014) ("[I]t is well-established that a party cannot unilaterally refuse to fulfill its discovery obligations as retaliation for another party's discovery violations."). Accordingly, Defendants respectfully request that discovery be extended to allow Defendants to complete Plaintiff's deposition.

With respect to Plaintiff's discovery dispute letter and May 25, 2022 letter motion, Defendants respectfully request an extension of time to file a response until Friday June 3, 2022. Pursuant to Paragraph IV.E. of the Court's Individual Rules, discovery disputes should be brought to Your Honor's attention in a single, joint letter. As Plaintiff's pending application is not a joint submission, Defendants request an opportunity to state their position on Plaintiff's disputes. This request is also being made because the undersigned has been out of the office and/or otherwise ill since May 26, 2022 (for the reasons noted earlier in the application). As such, Defendants need additional time to formulate a response to Plaintiff's application.

Additionally, the undersigned recognizes that it has not yet provided a response to Plaintiff's deficiency letter dated April 14, 2022. There are several reasons for this. First, around the time Plaintiff finally raised her disputes with Defendants, the undersigned had several periods of illness and was out of the office for medical appointments and procedure. Moreover, scheduling issues caused by the absences were compounded by both preexisting and unexpected deadlines and motion practice, which required defense counsel to further catch up on work (and is still in the process of doing so). Further, Plaintiff's 13-page, single-spaced letter raised numerous, stale issues requiring investigation but that has been made difficult due to the passage of time.

The Honorable Paul G. Gardephe
May 31, 2022
Page 3

Addressing Plaintiff's disputes has entailed a multistep process even with the more relatively simple inquiries or contentions raised by Plaintiff. Because Plaintiff only weeks ago raised disputes about discovery responses, document productions, and other issues that the parties in large part produced or last addressed at various times between February 2021 through October 2021, defense counsel has had to dedicate an inordinate amount of time to re-piecing and reconstructing the parties' positions and steps taken with respect to discovery long ago.

For such reasons, Defendants also request additional time to respond to Plaintiff's letter motion concerning discovery, as well as a corresponding adjournment of the June 2, 2022 conference to a date after Defendants have submitted their response to Plaintiff's application.

Accordingly, for the reasons set forth above, Defendants respectfully request: (i) an extension of time to complete Plaintiff's deposition; (ii) leave to file a response to Plaintiff's discovery dispute letter dated May 25, 2022 until June 6, 2022; and (iii) an adjournment of the June 2, 2022 conference until June 9, 2022 or a date and time at the Court's convenience. Additionally, it is respectfully requested that, insofar as the Court wishes to proceed with the June 2 conference, the conference be held telephonically.

Thank you for your consideration.

Respectfully submitted,

/s/
Gary Moy

Cc: Counsel of record (via ECF)

**Memo Endorsed:** In light of the referral to Magistrate Judge Wang for general pretrial supervision (see Dkt. No. 54), the conference in this matter scheduled for Thursday, June 2, 2022 is adjourned sine die.
Dated:  June 1, 2022
SO ORDERED.

*Paul G. Gardephe*
Paul G. Gardephe
United States District Judge