

**YOUNG & MA**
LLP

845 United Nations Plaza   P: 646-379-77093
37th Floor   F: 866-839-4306
New York, NY 10017   E: tma@youngandma.com

December 23, 2022

<u>Via ECF</u>

Hon. Ona T. Wang
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

> **MEMO ENDORSED.**

     Re:    Tiffany Lentz v. ThoughtWorks, Inc., et al.
           <u>20-cv-07043-PGG-OTW</u>

Dear Judge Wang,

     We are co-counsel to Plaintiff in this action. Pursuant to Your Honor's Individual Practices in Civil Cases, Section I(e), we respectfully request that the status letter deadline, currently December 23, 2022 (Dkt. No. 73), be extended to and including January 23, 2023. Defense counsel consents to this extension request. We note that due to the body of issues still in dispute based on the last status letter, resolution of all issues, subsequent production pursuant to resolution, and then deposition of witnesses is unlikely to happen in 30 days especially as it is not yet determined that motion practice is not necessary in this case. Therefore, parties would request a longer and more realistic fact discovery period with short term status updates to ensure parties are on track to begin depositions soon.

     During the period from the last status letter to today, Plaintiffs' counsel has been awaiting status from defense counsel on (1) production of all ESI already performed, (2) the requested hit report concerning Plaintiff's requested custodians and search terms (to consider the scope and discussing narrowing while reaching the simultaneous goal of potentially resolving the other document request disputes, and (3) updated privilege log. Plaintiff has indicated she wants to accept the ESI identified by Defendants pursuant to the November 18, 2022 order without prejudice to further ESI requests. With respect to the discovery request disputes which Plaintiff suggests she is awaiting resolution through further ESI and a production of a hit report based on Plaintiff's requested custodians and search terms (even as narrowed in her December 2, 2022 position), Defendants maintain their objections to Plaintiff's requested custodians and search terms and parameters as defense views it as 10 more custodians than they are willing to do (beyond the 7 existing custodians) while Plaintiff believes she has eliminated 9 custodians. However, as part of the parties' continued efforts to meet and confer to resolve the remaining disputes, Defendants have been working on identifying potential alternative sources of information that may satisfy Plaintiff's inquiry in lieu of additional data collection and searches, as well as potential alternative means and testing to assess the amount of data for each custodian that may be implicated by Plaintiff's proposed terms without incurring the time and costs to export the custodians' data (potentially several hundred gigabytes, if not terabytes) to a professional third-party vendor that is otherwise needed to process the data (and charges by the amount of data) and perform the searches

to generate hit reports. However, given other simultaneous pressing matters (some unexpected) and others' availability due to work and holiday considerations, Defendants require additional time to investigate the viability of these potential alternatives. As Plaintiff's counsel is learning of defense's work and development very close to the status letter deadline, Plaintiff's counsel also has not had the benefit of conferring with Plaintiff, assessing whether the proposed alternatives adequately satisfies Plaintiff's needs, and confer further with Defendants. Simultaneously, Plaintiff's counsel has had family emergencies due to a tax audit of a family business and other compelling court and other deadlines during the holidays delaying us from following up with defense counsel as to status.

The parties are mindful of their ongoing obligations to meet and confer, as well as to resolve as expeditiously as possible the remaining issues. To that end, the parties have agreed to weekly meetings so that they do not lose the momentum that they had, as reflected in the parties' prior update to the Court. For the foregoing reasons, the parties' respectfully request an extension of time to update the Court on the status of the parties' discovery efforts until January 23, 2023.

Thank you for your consideration.

Respectfully submitted,

Tiffany Ma

cc: Defendants' Counsel (via ECF)
Michael Pappas, Esq.

Application **GRANTED**. The parties shall file a joint status letter updating the Court on their discovery efforts by January 23, 2023. The fact discovery deadline is extended to February 2, 2023.

The Court will hold a status conference in this matter on **Thursday, February 2, 2023 at 11:00 a.m.** in Courtroom 20D, 500 Pearl Street, New York, NY 10007.

The Clerk of Court is respectfully directed to close ECF 76.

**SO ORDERED.**

Ona T. Wang 1/4/2023
U.S.M.J.