UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TIFFANY LENTZ,

                              Plaintiff,

                v.

THOUGHTWORKS, INC., et al.,

                              Defendants.

20-CV-7043 (DEH)

**NOTICE OF REASSIGNMENT**

DALE E. HO, United States District Judge:

This case has been reassigned to the undersigned.  All counsel must familiarize

themselves with the Court's Individual Practices, which are available at

https://nysd.uscourts.gov/hon-dale-e-ho.  Unless and until the Court orders otherwise, all prior

orders, dates, and deadlines shall remain in effect notwithstanding the case's reassignment.

Nothing herein shall affect the scope of the existing reference to the Magistrate Judge.  Any

conference or oral argument before or directed by the Magistrate Judge will proceed as ordered.

Additionally, by **November 13, 2023**, the parties are hereby ORDERED to file on ECF a

joint letter, described below, updating the Court on the status of the case.  Parties shall attach the

Civil Case Management Plan and Scheduling Order, also available at

https://www.nysd.uscourts.gov/hon-dale-e-ho, to the joint letter.  The joint letter shall provide

the following information, to the extent it is relevant, in separate paragraphs:

1.    Names of counsel and current contact information, if different from the

       information currently reflected on the docket;

2.    A brief statement of the nature of the case and/or the principal defenses thereto;

3.    A brief explanation of why jurisdiction and venue lie in this Court.  In any action

       in which subject matter jurisdiction is founded on diversity of citizenship

pursuant to Title 28, United States Code, Section 1332, the letter must explain the basis for the parties' belief that diversity of citizenship exists. Where any party is a corporation, the letter shall state both the place of incorporation and the principal place of business. In cases where any party is a partnership, limited partnership, limited liability company, or trust, the letter shall state the citizenship of each of the entity's members, shareholders, partners, and/or trustees;

4.    A statement of all existing deadlines, due dates, and/or cut-off dates;

5.    A statement of any previously-scheduled conference dates with the Court that have not yet occurred and the matters that were to be discussed;

6.    A brief description of any outstanding motions, including the date of the motion and the nature of the relief sought;

7.    A statement and description of any pending appeals;

8.    A detailed statement of all discovery undertaken to date, including how many depositions each party has taken and what, if any, discovery remains that is essential for the parties to engage in meaningful settlement negotiations;

9.    A brief description of the status of prior settlement discussions, without disclosing exact offers and demands;

10.   An estimate of the length of trial; and

11.   Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive or novel issue raised by the case.

If this case has been settled or otherwise terminated, counsel are not required to submit such letter or to appear, provided that a stipulation of discontinuance, voluntary dismissal, or

other proof of termination is filed on the docket prior to the joint letter submission deadline, using the appropriate ECF Filing Event.  *See* SDNY ECF Rules & Instructions §§ 13.17-13.19, *available at* http://nysd.uscourts.gov/ecf_filing.php.  Requests for extensions or adjournment may be made only by letter-motion filed on ECF, and must be received at least two business days before the deadline or scheduled appearance, absent compelling circumstances.  The written submission must state (1) the original date(s) set for the appearance or deadline(s) and the new date(s) requested; (2) the reason(s) for the request; (3) the number of previous requests for adjournment or extension; (4) whether these previous requests were granted or denied; and (5) whether opposing counsel consents, and, if not, the reasons given by opposing counsel for refusing to consent.

      SO ORDERED.

Dated: October 30, 2023
      New York, New York

                                   DALE E. HO
                         United States District Judge